J-S15025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER MURILLO, | : | |
| | : | No. 1585 EDA 2016 |
| Appellant | : | |

Appeal from the PCRA Order April 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008406-2009,
CP-51-CR-0008407-2009

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 02, 2018**

Appellant, Alexander Murillo, appeals from the April 29, 2016 Order, entered in the Philadelphia County Court of Common Pleas, dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On January 1, 2009, following a bar fight, Appellant opened fire on a crowd of people with an assault rifle and wounded two victims.  On May 24, 2012, Appellant pleaded guilty to three counts of Attempted Murder, in addition to Conspiracy, firearms offenses, and related crimes.  On August 17, 2012, the court sentenced Appellant to an aggregate term of twelve and one-half to twenty-five years' incarceration.  Appellant timely appealed, and on

July 23, 2014, this Court affirmed the Judgment of Sentence.[1]  Appellant did not seek review by the Pennsylvania Supreme Court.

On February 12, 2015, Appellant filed a timely *pro se* PCRA Petition.  On September 17, 2015, after the PCRA court appointed counsel, Appellant filed an amended PCRA Petition alleging ineffective assistance of counsel.  On March 29, 2016, the PCRA court issued a Notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's Petition without a hearing.  Appellant did not respond.  On April 29, 2016, the PCRA court dismissed Appellant's Petition.

Appellant timely appealed.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.  On October 17, 2017, the PCRA court issued a Pa.R.A.P. 1925(a) Opinion.

Appellant raises a sole issue on appeal:  "Was counsel ineffective for failing to raise the issue of the Appellant's being subject to an illegal mandatory minimum sentence?"  Appellant's Brief at 9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error.  ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014).  This Court grants great deference to the findings of the PCRA court if the record supports them.  ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super.

---

[1] ***See Commonwealth v. Murillo,*** 105 A.3d 798 (Pa. Super. 2014) (unpublished memorandum).

2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Instantly, Appellant claims that his plea counsel was ineffective for failing to challenge the legality of his sentence based on ***Alleyne***[2] and its progeny, and, thus, he is entitled to relief under the PCRA. Appellant's Brief at 11.

It is well settled that counsel is presumed to be effective and the burden of demonstrating any ineffectiveness rests on an appellant. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002). Notably, our Supreme Court has made it clear that an appellant cannot establish that he is entitled to relief with "undeveloped

---

[2] ***Alleyne v. United States***, 570 U.S. 99, 112-13 (2013) (holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt).

claim[s]" and "boilerplate assertion[s]" of ineffective assistance of counsel. ***Commonwealth v. Jones***, 876 A.2d 380, 386 (Pa. 2005); ***see also Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001) (holding that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.").

In its Opinion, after cogently and thoroughly reviewing the applicable case law, the PCRA court concluded:

> A review of the record reveals that Appellant's instant petition has failed to satisfy all three (3) prongs of the test. Appellant has failed to develop any argument demonstrating that his claim had any merit. Further, Appellant's petition neither discusses nor applies the standard governing the claim for ineffective counsel. Appellant's general averments either that a "mandatory sentence was imposed without the appropriate factors having been determined," or that the "mandatory sentence was an illegal sentence," are both undeveloped and have no arguable merit. Appellant has failed to specifically aver how the standard has not been met in this case, or even how it should be applied in this case. [] Appellant's general averments, without any reference as to applicability and relevance, do not entitle Appellant to relief. Therefore, Appellant's claim must be dismissed.

PCRA Court Opinion, filed 10/17/17, at unpaginated 3-4 (citations omitted). We agree.

Our review of the record reveals that Appellant made boilerplate assertions about ***Alleyne***, ***supra***, and how mandatory minimum sentencing statutes are unconstitutional, but failed to argue how ***Alleyne*** should apply to his case. In fact, Appellant failed to show that the sentencing court actually

imposed a mandatory minimum sentence in his case.[3]  Accordingly, Appellant did not demonstrate that his underlying claim had arguable merit, and, thus, failed to establish that plea counsel was ineffective for not raising it.

Because Appellant failed to meet his burden of establishing that plea counsel was ineffective, he is not entitled to relief under the PCRA. Accordingly, the PCRA court did not err when it dismissed Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/18

---

[3] His Brief to this Court is likewise deficient in details.